1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   TRICIA A.K. BARTLETT,

11                          Plaintiff,

12            v.

13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security

14                          Defendant.

15

CASE NO. 2:16-CV-01294-DWC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS

16        The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

17   States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Application to Proceed

18   *In Forma Pauperis* ("Application"). Dkt. 1.  On August 17, 2016, the Court entered an order

19   directing Plaintiff to do one of the following by September 9, 2016: a) show cause as to why her

20   Application should not be denied; b) file an amended Application; or c) pay the $400.00 filing fee.

21   Dkt. 2, p. 2.

22        In her Application, Plaintiff states she has $0 in cash on hand, $30.00 in a checking

23   account, and the following monthly expenses:

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION TO PROCEED IN
FORMA PAUPERIS - 1

Mortgage - $1,800; Natural Gas - $250.00; electricity - $250; water + sewer + garbage - $300; Car Loan - $ 600; Phone - $175; gas - $500; food - $500; health insurance - $500; the remainder of our income goes toward personal hygiene and toiletries.

*Id.* However, Plaintiff indicated she has no children or other dependents, she is married, her spouse is currently employed, and her spouse currently receives $5,700.00 in net monthly salary (take home pay). Plaintiff also indicates she and her spouse own three vehicles with a total value of $96,000.00 dollars. Finally, Plaintiff indicated she and her spouse are paying $1,800.00 per month for a mortgage, but Plaintiff does not identify the associated real estate and its approximate value in Question 5. Dkt. 1, p. 2.

Based on this application, the undersigned concluded Plaintiff had not demonstrated she would qualify for *In Forma Pauperis* status, as she had not demonstrated she would be unable to "pay or give security for the costs and still be able to provide [herself] and dependents with the necessities of life." *Ogunsalu v. Nair*, 117 Fed.Appx. 522, 523 (9th Cir. 2004) (*quoting Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). *See also, e.g., Grisom v. Logan*, 334 F.Supp. 273, 276 (C.D. Cal. Oct. 20, 1971) ("Though it is not necessary for a litigant to impoverish [herself] before [she] can appeal in forma pauperis, it is necessary that [she] show something more than mere hardship.").

Plaintiff has not responded to the Court's order, or otherwise filed an amended application or paid the $400.00 filing fee, by the September 9, 2016 deadline. Therefore, the Court recommends Plaintiff's Application to Proceed *In Forma Pauperis* be denied. The Court further recommends Plaintiff be ordered to pay the $400.00 filing fee to proceed with this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those

1    objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time

2    limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

3    September 30, 2016, as noted in the caption.

4             Dated this 12th day of September, 2016.

5

6                                                    David W. Christel
7                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION TO PROCEED IN
FORMA PAUPERIS - 3