UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRICIA A.K. BARTLETT,<br><br>            Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security<br>Administration,<br><br>            Defendant. | CASE NO. 2:16-CV-01294-DWC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the denial of Plaintiff's applications for Disability Insurance Benefits ("DIB"). The parties have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 17.

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to properly evaluate the medical opinion evidence. Therefore, the Court orders

the Commissioner's final decision be vacated in its entirety and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing.

**PROCEDURAL& FACTUAL HISTORY**

On April 15, 2011, Plaintiff filed an application for DIB. *See* Dkt. 10, Administrative Record ("AR") 324-25.[1] Plaintiff alleges she became disabled on September 8, 2007, due to lower back nerve damage, plantar fasciitis, and adult attention deficit-hyperactivity disorder. *See* AR 324, 339. Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 138, 153. A hearing was held before an ALJ on August 8, 2012, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 46.

On November 23, 2012, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the Social Security Act. AR 183. Plaintiff's request for review of the ALJ's decision was granted by the Appeals Council, which vacated the ALJ's decision and remanded for further proceedings. The ALJ conducted a second hearing, and on July 17, 2015, the ALJ again found Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the Social Security Act. AR 37. Plaintiff's request for review of the ALJ's second decision was denied by the Appeals Council on June 13, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On August 17, 2016, Plaintiff timely filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ: 1) failed to properly evaluate the medical opinion evidence; 2)

---

[1] Plaintiff also filed a contemporaneous application for Supplemental Security Income benefits, which was denied as Plaintiff had earned too much money to be eligible. *See* AR 255.

erred by rejecting her subjective symptom testimony; 3) failed to properly evaluate the lay witness testimony; and 4) improperly found Plaintiff was capable of performing other work existing in significant numbers in the national economy. Dkt. 14, p. 2.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

**DISCUSSION**

I.  Whether the ALJ Properly Evaluated the Medical Opinion Evidence.

   **A.  Standard**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester,* 81 F.3d at 831). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes*, 881 F.2d at 751). In addition, the ALJ must explain why the ALJ's own interpretations, rather than those of the doctors, are correct. *Reddick*, 157 F.3d at 725 (*citing Embrey,* 849 F.2d at 421-22). The ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571.

**B. Application of Standard**

1. *Dennis S. Mann, D.O.*

Dr. Mann was Plaintiff's primary care physician from July, 2007 through Plaintiff's date last insured, December 31, 2012. AR 690. Over the course of his treatment, Dr. Mann rendered several opinions as to limitations arising out of Plaintiff's mental and physical impairments:

- On September 16, 2008, Dr. Mann opined Plaintiff was "unable to perform any type of full-time gainful employment" due to her bilateral carpal-tunnel syndrome and an inability to sit for a period longer than 30 minutes. AR 510.

- On June 7, 2011, based on the fact Plaintiff "walks with a wide-based, unstable gait wearing CAM walkers on both feet," Dr. Mann recommended Plaintiff use a cane. AR 645.

- On August 13, 2012, Dr. Mann opined Plaintiff would be unable to walk, sit, and stand for prolonged periods, and this would preclude her from any type of gainful employment. AR 692.

- On March 25, 2013, Dr. Mann opined Plaintiff would be incapable of any form of gainful employment because of her inability to sit for prolonged periods, walk for even short periods, stand for short periods, climb or descend stairs, push, pull, lift, or carry. AR 701.
- On September 26, 2013, Dr. Mann also opined Plaintiff's psychological issues contribute to her inability to work. AR 699.

The ALJ gave little weight to Dr. Mann's opinions for several reasons. First, as to Dr. Mann's recommendation Plaintiff use a cane, the ALJ noted:

> there is no indication that the claimant required a cane on an ongoing basis through the date last insured. She underwent bilateral subtalar joint arthrodeses later that year (i.e., 2011) and she felt more support after receiving custom orthotics in March 2012 [AR 672]. Subsequent imaging revealed that her feet were well-aligned, and her gait was only slightly antalgic in June 2012. The residual functional capacity for sedentary exertion accounts for the claimant's wide-based stance with little to no pushoff from either foot, as well as her limited lumbar spine and ankle range of motion.

AR 33. Next, the ALJ discounted the balance of Dr. Mann's opinions for five additional reasons:

> [1] Dr. Mann's opinions are inconsistent with the objective clinical findings, the claimant's longitudinal treatment history, and her performance on physical examinations set forth above. The evidence indicates that the claimant's carpal tunnel symptoms improved if not resolved following her bilateral surgical releases in 2008. With further respect to her back and lower extremity complaints, lumbar spine imaging has been relatively benign and she consistently exhibited 5/5 strength throughout except for 4/5 to 4+/5 left leg strength during the relevant period. [2] Dr. Mann is the claimant's primary care provider, not an acceptable mental health source qualified to assess her psychiatric condition. [3] I also note that the Appeals Council did not disturb my previous evaluation of Dr. Mann's August 2012 opinion. [AR 181].
>
> …
>
> [4] Dr. Mann's . . . . assessments were based at least in part on the claimant's self-report, but, as noted, she is not entirely credible.
>
> [5] Dr. Mann's 2013 opinions . . . post-date the date last insured and therefore do not reflect the claimant's functioning during the relevant period.

AR 34. Plaintiff argues these were not specific and legitimate reasons, supported by substantial evidence, for discounting the opinion of a treating physician.

As a threshold matter, Plaintiff argues the ALJ was required to give Dr. Mann's opinions controlling weight. However, Dr. Mann's opinions were contradicted by the less restrictive opinions of consulting physician Dale Thuline, M.D. and consulting psychologists Renee Eisenhauer, Ph.D. and Beth Fitterer, Ph.D. AR 139-52; 154-69. Thus, Dr. Mann's opinion was not entitled to controlling weight under the regulations. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (citing Social Security Ruling ("SSR") 96-2p, *available at* 1996 WL 374188). Nonetheless, even if a treating physician's opinion is not entitled to controlling weight, "treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [20 C.F.R. §§ 404.1527 and 416.927]." SSR 96-2p, *available at* 1996 WL 374188. When an ALJ discounts the opinion of a treating physician, the ALJ must identify "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, *available at* 1996 WL 374188.

As to Dr. Mann's recommendation Plaintiff use a cane, an ALJ is not required to address a physician's suggestions and recommendations in a residual functional capacity finding. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (finding no error in the fact the ALJ ignored certain recommendations proposed by a physician when discussing the physician's opinion and in crafting a residual functional capacity). *See also Rounds v. Comm'r, Soc. Sec. Admin.*, 795 F.3d 1177, 1185 (9th Cir. 2015); *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). Further, Plaintiff makes the conclusory argument

that the ALJ's rejection of this aspect of Dr. Mann's opinion was unsupported by substantial evidence. However she fails to address the ALJ's reasoning as to why Dr. Mann's recommendation of a cane was inconsistent with the record. Specifically, the ALJ noted Plaintiff obtained better support through orthotics, demonstrating only a "slightly antalgic" gait. AR 663, 672. Thus, the ALJ did not err by not including the use of a cane in the residual functional capacity.

The ALJ also offered specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Mann's opinion to the extent it relies on a diagnosis of carpal tunnel syndrome. A medical opinion's consistency with the record is an important factor an ALJ must consider, as is the effectiveness of a treatment for a claimant's impairments. 20 C.F.R. §§ 404.1527(c)(4); 404.1529(c)(3). *See Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007). Here, the medical records cited by the ALJ reflect Plaintiff's carpal tunnel syndrome was a basis for Dr. Mann's opinion Plaintiff was disabled. AR 510. However, Dr. Mann subsequently acknowledged Plaintiff's bilateral carpal tunnel release surgeries "were successful. She has no numbness, tingling, or paresthesias in either hand with normal grip strength." AR 506. Though Plaintiff argues the ALJ failed to account for the severe limitations caused by Plaintiff's carpal tunnel syndrome before her 2008 surgeries, the effectiveness of the surgical treatment itself is evidence the ALJ could consider when determining whether Plaintiff's carpal tunnel syndrome caused disabling limitations. *See Warre v. Comm'r, Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits"); *Hoffman v. Astrue*, 2009 WL 2486011, *5 (D. Ariz. Aug. 12, 2009) (holding an ALJ properly considered a claimant's recovery from surgery in evaluating their subjective symptom testimony).

However, the ALJ failed to offer specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Mann's opinions concerning Plaintiff's lower extremities and mental impairments.

With respect to Plaintiff's back and lower extremity issues, the ALJ noted Plaintiff's lumbar spine imaging was "relatively benign," and with the exception of 4/5 or 4+/5 strength in her left leg, Plaintiff demonstrated full strength throughout her extremities. *See* AR 425-26, 446-47, 451, 459, 592. However, as Plaintiff correctly notes, Dr. Mann's opinions concerning Plaintiff's functional limitations are not inconsistent with the evidence cited by the ALJ. Dr. Mann based his opinions on more than lumbar spine and muscle strength testing; Dr. Mann regularly documented parasthesias, reduced range of motion and loss of reflexes in Plaintiff's ankles and feet, and tenderness to palpitation. AR 515-20, 658-60. Further, Dr. Mann based his opinions on numerous conditions, such as Plaintiff's status-post bilateral ankle and foot surgeries, obesity, and piriformis syndrome. AR 699-705. Notably, only some of the conditions Dr. Mann treated Plaintiff for implicated her lumbar spine. AR 699-705. The ALJ fails to explain how "relatively benign" lumbar spine imaging or 4/5 strength contradicts Dr. Mann's findings of significant limitations in Plaintiff's ability to sit, stand, or walk.

As for Dr. Mann's mental health opinions, the ALJ found Dr. Mann was not qualified to assess Plaintiff's psychiatric condition as he was "the claimant's primary care provider, not an acceptable mental health source . . . ." AR 34. However, it is the well-settled law of this Circuit that an ALJ errs by discounting the mental health opinions of a treating physician because they are not specialists in psychiatry or psychology. *See Lester,* 81 F.3d at 833. Contrary to the ALJ's conclusory reasoning on this point, the fact Dr. Mann was Plaintiff's treating physician "makes him especially qualified to evaluate reports from examining doctors, to integrate the medical

information they provide, and to form an overall conclusion as to functional capacities and limitations . . . ." *Id.*

The ALJ's final three reasons for discounting both Dr. Mann's physical and mental opinions are generally applicable, but none of these reasons are specific and legitimate reasons, supported by substantial evidence. First, the fact some of Dr. Mann's opinions were rendered after Plaintiff's date last insured does not diminish their validity in assessing Plaintiff's condition during the relevant period. *See Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1228-29 (9th Cir. 2010) ("Evidence post-dating the [date last insured] is probative of Turner's pre-[date last insured] disability"); *Lester*, 81 F.3d at 832 (noting the fact an opinion was rendered after a claimant's date last insured was not a specific and legitimate reason for discounting a treating physician's opinions). Second, the fact Dr. Mann based his opinions at least in part on Plaintiff's self-reports is not a sufficient basis to reject them; "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Dr. Mann was Plaintiff's primary care provider, and his treatment notes spanning six years and over one hundred pages are included in the administrative record. These treatment notes detail Dr. Mann's observations and objective testing, including parasthesias, reduced range of motion and loss of reflexes in Plaintiff's ankles and feet, and tenderness to palpitation. AR 515-20, 658-60, 699-705. Finally, the ALJ notes the Appeals Council did not disturb his previous evaluation of Dr. Mann's August, 2012 opinion. AR 34. This is, quite simply, no reason at all. Plaintiff correctly notes the Appeals Council vacated the entirety of the ALJ's prior written decision. AR 190. Vacated decisions are void, and have no preclusive effect. Program Operations Manual System (POMS), GN 03106.036 Court Remand Orders, https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited

March 31, 2017) ("[A] court order vacating the [ALJ's] prior decision and remanding the case to the Commissioner voids the prior decision . . . and thus returns the case to the status of a claim 'pending' before SSA.").[2]

Importantly, the ALJ's errors in evaluating Dr. Mann's opinions are not harmless. The ALJ discounted Dr. Mann's opinions on a limitation-by-limitation basis, offering reasons specific to each group of opined limitations as a basis to give the limitations little weight. Thus, even though the ALJ offered a specific and legitimate reason for discounting Dr. Mann's opinions concerning Plaintiff's carpal tunnel syndrome and recommendation Plaintiff use a cane, the ALJ failed to properly discount Dr. Mann's other opined limitations. *Cf. Dale v. Colvin*, 823 F.3d. 941, 945 (9th Cir. 2016) (holding an ALJ erred by dividing the opinion of an other medical source into two parts, but only offering germane reasons to discount one of the two parts of the other medical source's opinion). As the residual functional capacity finding fails to address Dr. Mann's opined limitations, the ALJ's errors are not "inconsequential to the ultimate nondisability determination," and require remand for further proceedings. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

        2. *Faulder Colby, Ph.D.*

Dr. Colby evaluated Plaintiff on July 6, 2011. AR 619. As part of Dr. Colby's evaluation, he conducted a clinical interview, mental status examination, and records review. During the

---

[2] Even if the Court were to consider the ALJ's reasoning for rejecting Dr. Mann's August, 2012 opinion in the prior decision, it would not withstand scrutiny. The ALJ previously rejected Dr. Mann's opinion because Dr. Mann "appears to simply advocate for the claimant, as he does not offer objective medical findings in support of his specific findings." AR 181. However, "the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832. Further, the fact Dr. Mann's opinion did not contain objective medical evidence is not a specific and legitimate reason for discounting the opinion where, as here, his corroborating treatment notes are included in the record. *See Garrison v. Colvin*, 759 F.3d 995, 1013-14 & n.17 (9th Cir. 2014).

evaluation, Plaintiff reported symptoms of depression and anxiety, as well as apparent auditory hallucinations. AR 620-21, 624. On examination, Plaintiff's affect was in full range and appropriate to content. AR 623. She was alert and oriented to person, place, date and time, and situation. AR 623. However, Plaintiff demonstrated impairments in her performance on tests for memory, attention/concentration, and executive functioning. AR 623-24. Dr. Colby diagnosed Plaintiff with generalized anxiety disorder and major depressive disorder, single episode, with psychotic features. AR 626. As a result of these impairments, Dr. Colby opined Plaintiff's depression and anxiety would "most likely . . . interfere with her acquiring, to say nothing of maintaining, any regular full-time employment." AR 627. Specifically, Dr. Colby opined to moderate to severe memory impairments arising out of Plaintiff's depression and anxiety, marked impairment in Plaintiff's ability to engage in effective concentration and task persistence, and difficulty with adaptation. AR 627.

The ALJ gave Dr. Colby's opinion little weight for three reasons:

> [1] Dr. Colby's . . . assessments are inconsistent with the claimant's longitudinal mental health treatment history, her performance on mental status examinations, and her documented daily activities and social functioning set forth above.
>
> [2] Dr. Colby is a mental health professional and therefore not qualified to assess the claimant's physical condition and pain.
>
> [3] Dr. Colby's . . . assessment[ was] based at least in part on the claimant's self-report, but as noted, she is not entirely credible.

AR 34. Plaintiff argues these were not specific and legitimate reasons for giving Dr. Colby's evaluation little weight, and the Court agrees.

The ALJ's first reason for discounting Dr. Colby's opinions—that they were inconsistent with the claimant's longitudinal mental health treatment history, her performance on mental status examinations, and her documented daily activities and social functioning—is a bare,

conclusory statement without any citation to the record. An ALJ must do more than state his or her conclusions; he must "set forth his own interpretations and explain why they, rather than the doctors' are correct." *Reddick*, 157 F.3 at 725. The ALJ's failure to do so here is error.

Further, to the extent the ALJ discusses these broad areas earlier in the decision, they are not inconsistent with Dr. Colby's opinions. For example, the ALJ cites to several mental status examinations performed in the context of physical evaluations; however, none of these mental status examinations are comprehensive, focus largely on Plaintiff's mood, affect, and orientation, and are consistent with the findings Dr. Colby made on these domains. *See*, *e.g.*, AR 425-26, 507-08, 623. Also, the ALJ discounts Plaintiff's credibility, in part, due to her activities of daily living. For example, the ALJ finds Plaintiff's air travel to be inconsistent with Plaintiff's claims of disabling psychological limitations. AR 32-33. By the ALJ's reasoning, air travel requires airport check-ins with luggage, standing in security lines, and interacting appropriately with others in crowded airport terminals and onboard the airplane. AR 33. However, Plaintiff testified at the hearing to significant difficulties and necessary accommodations in making these trips: Plaintiff was driven through the airport on motorized carts, allowed to pass through the security line due to her walker, avoided interaction with others, and used valium to address her anxiety on the plane. AR 89-92. Thus, it is not at all clear from the ALJ's written decision what, if anything, in the longitudinal record is inconsistent with Dr. Colby's opinion.

The ALJ's other two reasons for discounting Dr. Colby's opinion are also neither specific and legitimate, nor are they supported by substantial evidence. Dr. Colby did not assess Plaintiff's physical condition or reports of pain, and made repeated notes to that effect in his written opinion. AR 627 ("while I cannot speak to the effects of her physical problems . . ."). To the extent Dr. Colby discussed Plaintiff's reports of pain, it was in the context of discussing

possible causes of her depression and anxiety. AR 625, 627. Thus, the fact Dr. Colby is a mental health professional who may not be qualified to assess Plaintiff's physical condition is immaterial to the question of how much weight Dr. Colby's opinion should receive. Also, as with Dr. Mann, Dr. Colby based his opinion on more than Plaintiff's subjective statements. Dr. Colby also relied on a review of Plaintiff's medical records, a clinical interview, a mental status examination, and a validity measurement which did not produce evidence of poor effort. AR 619-25. Dr. Colby further explained how these various objective measures informed his assessment of Plaintiff's functional limitations. AR 626-27. As noted above, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162. *See also Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations").

Because the ALJ failed to offer specific and legitimate reasons for discounting Dr. Colby's opinion, the ALJ erred. On remand, the ALJ should reconsider Dr. Colby's opinion.

### 3. *Sandra F. Carrier, ARNP*

The ALJ also discounted the opinion of Plaintiff's treating nurse practitioner, Ms. Carrier, for essentially the same reasons he discounted Dr. Colby and Dr. Mann's opinions. As with Dr. Colby, the ALJ fails to explain what about Plaintiff's longitudinal history, performance on mental status examinations, and documented daily activities are inconsistent with her opinion. AR 34. Further, Ms. Carrier also examined Plaintiff and performed clinical interviews, records reviews, and mental status examinations. AR 682-88. The ALJ also discounts Ms. Colby's

opinion as it was rendered after the date last insured. But, as with Dr. Mann's opinion, Ms. Carrier's opinion is still relevant to assessing Plaintiff's condition during the relevant period, especially as Ms. Carrier treated Plaintiff before her date last insured. *See Turner*, 613 F.3d at 1228-29. AR 682-88, 718. The only additional reason the ALJ offers to discount Ms. Carrier's opinion is that her assigned GAF scores are "inconsistent with the GAF scores of 51-60 assigned through and past the date last insured of December 2012." AR 34. However, this reason is unsupported by substantial evidence, as Ms. Carrier routinely assessed Plaintiff with GAF scores between 50 and 55. AR 682-88, 723, 729.

As the ALJ erred in evaluating Dr. Mann and Dr. Colby's opinions, the ALJ should also reevaluate Ms. Carrier's opinion on remand.

II. <u>Whether the ALJ Provided Specific, Clear, and Convincing Reasons, Supported by Substantial Evidence, for Discounting Plaintiff's Subjective Symptom Testimony.</u>

If an ALJ finds a claimant has a medically determinable impairment which reasonably could be expected to cause the claimant's symptoms, and there is no evidence of malingering, the ALJ may reject the claimant's testimony only "by offering specific, clear and convincing reasons." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)). *See also Reddick*, 157 F.3d at 722. However, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971); *Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). Where more than one rational interpretation concerning a plaintiff's credibility can be drawn from substantial evidence in the record, a district court may not second-guess the ALJ's credibility determinations. *Fair*, 885 F.2d at 604. *See also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

decision, the ALJ's conclusion must be upheld."). In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan*, 242 F.3d at 1148.

Here, the ALJ discounted Plaintiff's testimony for four reasons: 1) Plaintiff stopped working in 2007 for reasons other than her alleged disability; 2) Plaintiff collected unemployment benefits, "thereby acknowledging she was ready, able, and willing to work during the period;" 3) her testimony is unsupported by the objective medical evidence; and 4) her testimony is inconsistent with her activities of daily living. AR 29-32. Plaintiff argues these are not specific and legitimate reasons for discounting Plaintiff's testimony.

The ALJ's first reason for discounting Plaintiff's testimony is a specific, clear, and convincing reason. ALJs may consider whether a claimant left their job for reasons other than the allegedly disabling condition. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Further, the ALJ found the objective medical evidence in the record did not support Plaintiff's testimony concerning the intensity and degree of her symptoms. This was proper. *See Regennitter v. Comm'r, Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *See Rollins*, 261 F.3d at 857 (citing 20 C.F.R. § 404.1529(c)(2)).

However, the ALJ's other two reasons for discounting Plaintiff's testimony were neither clear and convincing, nor supported by substantial evidence. As discussed in Section I(B)(2), above, the ALJ's consideration of Plaintiff's activities of daily living, and particularly her ability to travel, was unsupported by substantial evidence in the record. The ALJ also concluded Plaintiff, by receiving unemployment benefits, acknowledged "she was ready, able, and willing to work during the period." AR 29. However, this is not the standard the ALJ must apply when weighing the receipt of unemployment benefits against a claimant's alleged disability. The Ninth Circuit has established that the receipt of unemployment benefits is only inconsistent with allegations of disability if a claimant has held themselves out as available for *full-time,* as opposed to part-time, work. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). Here, the ALJ noted Plaintiff had indicated she was willing to work, but did not cite any evidence in the record to support the conclusion that Plaintiff was ready, able, and willing to perform *full-time* work. Thus, the ALJ's reasoning on this point was neither clear and convincing, nor supported by substantial evidence. *See Id.* at 1162.[3]

As the case must be remanded to the ALJ in order to address the errors in evaluating the medical opinion evidence, the ALJ should also reevaluate Plaintiff's subjective symptom testimony on remand.

---

[3] Defendant argues Plaintiff testified to an ability to do full time work at the hearing, but this argument fails for two reasons. First, the ALJ failed to cite such evidence, or otherwise articulate such a position in the written decision. Entertaining such an argument would require the court to engage in an impermissible, *post hoc* rationalization of the ALJ's decision. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). Second, Plaintiff testified she "was trying to apply at plumbing wholesale houses, construction jobs, part-time jobs." AR 101. However, the ALJ never clarified this testimony to establish whether all of these are part time jobs, and there is nothing else in the record to support Defendant's interpretation. This evidence is no more than a mere scintilla, and cannot constitute substantial evidence to support the ALJ's proposition. *Magallanes*, 881 F.2d at 750.

III. Whether the ALJ Provided Germane Reasons for Rejecting the Lay Witness Evidence in the Record.

In the Ninth Circuit, lay witness testimony is competent evidence and "cannot be disregarded without comment." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (*quoting Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996)). *See also* 20 C.F.R. § 404.1413(d), SSR 06-03p, 2006 WL 2329939 at *2. However, an ALJ may discredit a lay witness' testimony with specific reasons "germane to each witness." *Bruce,* 557 F.3d at 1115; *Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1217, 1224 (9th Cir. 2010).

Here, the ALJ discounted the lay witness testimony in the record "for the same reasons [he] determined that the claimant's statements regarding the severity of her symptoms are not entirely credible . . . ." AR 35. But, as the case is being remanded for further proceedings in any event, the ALJ should also reevaluate the lay witness testimony on remand.

IV. Whether the Case Should Be Remanded for an Award of Benefits or Further Proceedings.

Plaintiff makes the conclusory argument that the case should be remanded for an award of benefits.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has established a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). This test, often referred to as the "credit-as-true" rule, is appropriate when:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292). *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). Nonetheless, an ALJ's errors are relevant only to the extent they impact the underlying question of Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the credit-as-true conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

Here, Plaintiff claims she satisfies all of the criteria of the credit-as-true test without argument or citation to any evidence. Further, a review of the ALJ's decision and the record as a whole warrants a remand for further proceedings rather than an award of benefits. As discussed throughout this opinion, outstanding issues remain concerning Plaintiff's receipt of employment benefits and the weighing of the medical opinion evidence that are properly resolved, in the first instance, by the ALJ at a new hearing. Plaintiff's case must be remanded for further proceedings, rather than an award of benefits.

## **CONCLUSION**

Based on the foregoing reasons, the Court finds the ALJ committed harmful error by failing to properly evaluate the medical opinion evidence. Therefore, the Court orders the

Commissioner's final decision be vacated in its entirety and this matter remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing. On remand, the ALJ should reevaluate the medical opinion evidence, reevaluate Plaintiff's subjective symptom testimony, reevaluate the lay witness testimony, and proceed on to Step Four and/or Step Five of the sequential evaluation as appropriate. The ALJ should also develop the record as needed. Judgment should be for Plaintiff and the case should be closed.

Dated this 7th day of June, 2017.

David W. Christel
United States Magistrate Judge