1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
9

10 TRICIA A.K. BARTLETT,

11                    Plaintiff,           CASE NO. 2:16-CV-01294-DWC

12        v.                               ORDER ON MOTION FOR
                                           ATTORNEY'S FEES
13 NANCY A BERRYHILL, Acting
   Commissioner of Social Security,
14
                   Defendant.
15

16        Plaintiff Tricia A.K. Bartlett filed a Motion for Attorney's Fees and Expenses, seeking

17 attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. 23.

18 Defendant objects to the Motion, contending the Defendant's position in the underlying case was

19 substantially justified. Dkt. 24.

20        The Court concludes Defendant's position was not substantially justified. Accordingly,

21 Plaintiff's Motion is granted. Plaintiff's request for an additional 2.7 hours expended in defending

22 this Motion is also granted.

23

24

**BACKGROUND**

On June 7, 2017, the Court found the ALJ erred in his assessment of the medical opinion

evidence.[1] Dkt. 20. The Court reversed the ALJ's decision and remanded the case to the Social

Security Administration ("Administration") for further consideration pursuant to sentence four of

42 U.S.C. § 405(g). *Id.*

On September 5, 2017, Plaintiff filed this Motion. Dkt. 23. Defendant filed a Response,

Dkt. 24, and on September 22, 2017, Plaintiff filed a Reply. Dkt. 25.

**DISCUSSION**

In any action brought by or against the United States, the EAJA states "a court shall award

to a prevailing party other than the United States fees and other expenses . . . unless the court finds

that the position of the United States was substantially justified or that special circumstances make

an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the

fee applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government

has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592

F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)).

Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal

that requires submission of evidence to the district court challenging the accuracy and

reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted

affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The

Court has an independent duty to review the submitted itemized log of hours to determine the

reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436-37.

---

[1] As a result of these errors, the Court ordered the ALJ to reconsider Plaintiff's subjective symptom

testimony and lay witness testimony on remand as well. Dkt. 20.

## I.      Substantially Justified

In this matter, Plaintiff was the prevailing party because she received a remand of the matter to the administration for further consideration. *See* Dkt. 20, 21. To award a prevailing plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citing *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995); *Pierce*, 487 U.S. at 565). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (quoting *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether the government's litigation position was justified. *Toebler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (quoting *Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the fact the Administration did not prevail on the merits does not compel the Court to conclude its position was not substantially justified. *See Kali*, 854 F.2d at 334.

Here, the Court found the ALJ primarily erred in his treatment of the medical opinion evidence. *See* Dkt. 20. For example, the ALJ erred when he found Plaintiff's treating physician not qualified to assess Plaintiff's psychiatric condition, as an ALJ cannot discount a treating

1 physician's opinion on a psychiatric condition simply because the physician is not a mental health

2 specialist. Dkt. 20, pp. 8-9 (citing *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995)). The ALJ

3 also erred by discounting a medical opinion rendered after Plaintiff's date last insured, since an

4 ALJ must consider relevant evidence rendered after the date last insured. *Id.* at 9 (citing *Turner v.*

5 *Comm'r of Soc. Sec. Admin*, 613 F.3d 1217, 1228-29 (9th Cir. 2010)). In addition, the ALJ erred

6 by giving little weight to medical opinions for being based on Plaintiff's self-reports, as the

7 treatment notes indicated the physicians also relied on objective measures. *Id.* at 9, 12-13 (citing

8 *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014)). The ALJ further erred by providing

9 conclusory reasons to discount medical opinion evidence. *See id.* at 11-12 (citing *Reddick v.*

10 *Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). In sum, the ALJ failed to provide specific and

11 legitimate reasons for discounting the medical opinion evidence. *Id.* at 10, 13.

12       Defendant argues its position was substantially justified because the Court found, in some

13 respects, one physician's opinion was inconsistent with the record. Dkt. 14, p. 2. In the underlying

14 case, the Court did find the ALJ properly discounted one part of a physician's opinion. *See* Dkt. 20,

15 p. 6-7. Nonetheless, as the Court explained in its Order, an ALJ errs when he divides a medical

16 opinion into two parts and offers proper reasons to discount one part of the medical opinion but

17 fails to provide a proper reason to discount the other part. *Id.* at 10 (citing *Dale v. Colvin*, 823 F.3d

18 941, 945 (9th Cir. 2016)). Here, the Court found the ALJ erred when he failed to provide specific

19 and legitimate reasons to discount one part of a medical opinion. *See id.* at 5-10. The ALJ also

20 failed to properly consider the entire medical opinion of a different physician. *Id.* at 10-13. Hence,

21 the ALJ erred, as he failed to provide specific and legitimate reasons, supported by substantial

22 evidence, to discount the medical opinion evidence. *See id.* at 5-13; *see also Hensley*, 461 U.S. at

23 435 ("the court's rejection of or failure to reach certain grounds is not a sufficient reason for

24

1  reducing a fee. The result is what matters"); *Gardner v. Berryhill*, 856 F.3d 652, 658 (9th Cir.

2  2017) (awarding EAJA fees where "[r]emand was a foregone conclusion" due to errors at the

3  administrative level).

4      In sum, because the Court determined the ALJ's evaluation of the medical opinion

5  evidence as a whole was not supported by substantial evidence, the ALJ's position was not

6  substantially justified. *See Meier*, 727 F.3d at 872 (there is a strong indication the government's

7  position was not substantially justified when the agency's decision is unsupported by substantial

8  evidence); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and

9  fundamental errors . . . is difficult to justify").

10      The Administration has not shown substantial justification for the ALJ's underlying

11  decision. Further, there are no special circumstances which render an EAJA award in this matter

12  unjust. Accordingly, the Court finds Plaintiff is entitled to attorney's fees under the EAJA. *See*

13  *Meier*, 727 F.3d at 872; *Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) ("we have consistently

14  held that regardless of the government's conduct in the federal court proceedings, unreasonable

15  agency action at any level entitles the litigant to EAJA fees."); *Toebeler*, 749 F.3d at 834

16  ("[b]ecause the government's *underlying* position was not substantially justified, we award fees,

17  even if the government's *litigation* position may have been justified") (emphasis in original).

18  **II.      Reasonableness of Fee**

19      Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the fee,

20  of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429, 433 n.7. Here,

21  Defendant does not challenge the reasonableness of the fee. *See* Dkt. 24. Moreover, based on the

22  facts and circumstances of this matter and the briefing, declarations and attorney time sheet, the

23  Court concludes the amount of time incurred by Plaintiff's attorney in this matter is reasonable. *See*

24

1  Dkt. 23, 23-2, 23-3, 23-3, 25, 25-1. Specifically, the Court finds Plaintiff's request for expenses in

2  the amount of $6.79, costs in the amount of $400, and attorney's fees in the amount of $9,594.94,

3  representing 47.6 hours of work, for a total award of $10,001.73 reasonable. *See* Dkt. 23-4, 25-1.

4  **CONCLUSION**

5  For the above stated reasons, the Court hereby grants Plaintiff's Motion as follows:

6  Plaintiff is awarded $6.79 in expenses.

7  Plaintiff is awarded $400.00 in costs.

8  Plaintiff is awarded $9,594.94 in attorney's fees, representing 44.9 hours of attorney work

9  and 2.7 hours of paralegal work, for a total award of $10,001.73, pursuant to the EAJA and

10  consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).

11  The Acting Commissioner shall contact the Department of Treasury to determine if the

12  EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the Office

13  of General Counsel that Plaintiff does not owe a debt, the government shall honor Plaintiff's

14  assignment of EAJA Award and pay the EAJA Award directly to Eitan Yanich, Plaintiff's counsel.

15  If there is an offset, any remainder shall be made payable to Plaintiff, based on the Department of

16  the Treasury's Offset Program and standard practices, and the check shall be mailed to Plaintiff's

17  counsel, Eitan Yanich, Law Office of Eitan Yanich, PLLC, at 203 Fourth Avenue E., Suite 321,

18  Olympia, WA 98501.

19  Dated this 19th day of October, 2017.

20

21  _____

David W. Christel
United States Magistrate Judge

22

23

24